UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY McCARARY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SCOTT KERNAN, et al.,<br><br>　　　　Defendants. | No. 2: 17-cv-1944 KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the

complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Named as defendants are Secretary of the California Department of Corrections and Rehabilitation ("CDCR") Kernan, CDCR Associate Director Lockwood and High Desert State Prison ("HDSP") Warden Spearman. Plaintiff alleges that following the passage of Proposition 57, defendants enacted regulations that were inconsistent with this proposition. Plaintiff alleges that he is entitled to parole consideration under Proposition 57, but not under the regulations enacted by defendants. Plaintiff alleges that his failure to receive a parole suitability hearing under Proposition 57 violates his right to due process. Plaintiff seeks money damages and injunctive relief.

At the outset, the undersigned finds that plaintiff's claims are properly brought in this civil rights action rather than in a petition for writ of habeas corpus. A finding in plaintiff's favor, i.e., that he was wrongly found ineligible for parole consideration, would not necessarily impact the duration of his confinement. See Nettles v. Grounds, 830 F.3d 922, 934-35 (9th Cir. 2016) (en banc).

The background to plaintiff's claim follows herein.

Proposition 57 changed California parole eligibility rules by adding section 32 to article I of the California Constitution, which provides:

> (a) The following provisions are hereby enacted to enhance public safety, improve rehabilitation, and avoid the release of prisoners by federal court order, notwithstanding anything in this article or any other provision of law:
>
> (1) Parole Consideration: Any person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term for his or her primary offense.
>
> (A) For purposes of this section only, the full term for the primary offense means the longest term of imprisonment imposed by the court for any offense, excluding the imposition of an enhancement, consecutive sentence, or alternative sentence.
>
> (2) Credit Earning: The Department of Corrections and Rehabilitation shall have authority to award credits earned for good

3

> behavior and approved rehabilitative or educational achievements.
>
> (b) The Department of Corrections and Rehabilitation shall adopt regulations in furtherance of these provisions, and the Secretary of the Department of Corrections and Rehabilitation shall certify that these regulations protect and enhance public safety.

Cal. Const., art. I, § 32.

Plaintiff alleges that Proposition 57 does not permit the consideration of enhancements in determining whether a person has been convicted of a nonviolent felony. Plaintiff argues that defendants enacted regulations to implement Proposition 57 which wrongly permit the consideration of enhancements in determining whether a person has been convicted of a nonviolent felony.

Plaintiff alleges that he was convicted of violating California Penal Code § 245, i.e, assault with a deadly weapon, which is a nonviolent offense under Proposition 57. Plaintiff argues that defendants found him ineligible for parole consideration, based on the regulations they enacted, by wrongly considering one of his enhancements. Attached to plaintiff's complaint are exhibits indicating that plaintiff has two enhancements for violating California Penal Code sections 12022.5(a) (use of a firearm) and 12022.7(a) (personal infliction of great bodily injury). (ECF No. 1 at 13.)

For purposes of Proposition 57, violent felonies are defined in California Penal Code § 667.5(c). See People v. Harris, 2017 WL 423084 at *2 (Cal. App. 2017). Plaintiff is correct that a conviction for assault with a deadly weapon in violation of California Penal Section 245 is not listed as a violent felony in § 667.5(c). However, § 667.5(c)(8) classifies as a violent felony, "any felony in which the defendant inflicts great bodily injury on any person other than an accomplice which has been charged and proved as provided in Section 12202.7…" Thus, plaintiff's conviction for violating § 12022.7 renders him ineligible for parole consideration under Proposition 57.

Plaintiff's claim appears to be based on a misinterpretation of Proposition 57. Plaintiff argues that Proposition 57 only allows consideration of whether a person's "primary offense" is a violent felony, and prohibits consideration of enhancements in determining whether an offense is

4

violent. Section 32(a)(1), quoted above, states that person convicted of a *nonviolent felony* is eligible for parole consideration after completing the *full term for their primary offense*. Section 32(a)(2) states that the *full term of the primary offense* means the longest term of imprisonment imposed by the court for any offense, excluding the imposition of an enhancement, consecutive sentence or alternative sentence. Thus, consideration of enhancements is not permitted when determining the *full term of a primary offense*. Section 32 does not state that enhancements may not be considered when determining whether a felony is violent or nonviolent.

Plaintiff's due process claim is based on an alleged violation of state law, which did not occur. For these reasons, the undersigned finds that plaintiff has not stated a potentially colorable due process claim. While it is unlikely that plaintiff can cure the pleading defects discussed above, plaintiff is granted one opportunity to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff also requests that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).

The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

5. Plaintiff's motion for appointment of counsel (ECF No. 6) is denied.

Dated: October 11, 2017

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Mc1944.14

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY McCARARY,<br><br>  Plaintiff,<br><br>  v.<br><br>SCOTT KERNAN, et al.,<br><br>  Defendants. | No. 2: 17-cv-1944 KJN P<br><br><br>NOTICE OF AMENDMENT |

    Plaintiff hereby submits the following document in compliance with the court's order filed_____.

DATED: _____  Amended Complaint

    _____
    Plaintiff