UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY McCARARY, | No. 2:17-cv-1944 KJN P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| SCOTT KERNAN, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's amended complaint. (ECF No. 11.) For the reasons stated herein, the undersigned recommends that this action be dismissed.

Again named as defendants are Secretary of the California Department of Corrections and Rehabilitation ("CDCR") Kernan, CDCR Associate Director Lockwood and High Desert State Prison ("HDSP") Warden Spearman. Plaintiff alleges that his failure to receive a parole consideration hearing pursuant to Proposition 57 violates his right to equal protection. Plaintiff seeks damages and injunctive relief.[1]

////

---

[1] Plaintiff's claims are properly brought in this civil rights action rather than in a petition for writ of habeas corpus. A finding in plaintiff's favor, i.e., that he was wrongly found ineligible for parole consideration, would not necessarily impact the duration of his confinement. See Nettles v. Grounds, 830 F.3d 922, 934-35 (9th Cir. 2016) (en banc).

1

In the original complaint, plaintiff argued that he was entitled to a parole consideration hearing pursuant to Proposition 57 because he was convicted of a non-violent felony. Plaintiff argued that his failure to receive a parole consideration hearing pursuant to Proposition 57 violated his right to due process. To put the equal protection claim raised in the amended complaint in context, the undersigned herein sets forth the analysis of the due process claim raised in the original complaint.

In the original complaint, plaintiff alleged that following the passage of Proposition 57, defendants enacted regulations that were inconsistent with this proposition. Plaintiff alleged that he was entitled to parole consideration under Proposition 57, but not under the regulations enacted by defendants.

Proposition 57 changed California parole eligibility rules by adding section 32 to article I of the California Constitution, which provides:

> (a) The following provisions are hereby enacted to enhance public safety, improve rehabilitation, and avoid the release of prisoners by federal court order, notwithstanding anything in this article or any other provision of law:
>
> (1) Parole Consideration: Any person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term for his or her primary offense.
>
> (A) For purposes of this section only, the full term for the primary offense means the longest term of imprisonment imposed by the court for any offense, excluding the imposition of an enhancement, consecutive sentence, or alternative sentence.
>
> (2) Credit Earning: The Department of Corrections and Rehabilitation shall have authority to award credits earned for good behavior and approved rehabilitative or educational achievements.
>
> (b) The Department of Corrections and Rehabilitation shall adopt regulations in furtherance of these provisions, and the Secretary of the Department of Corrections and Rehabilitation shall certify that these regulations protect and enhance public safety.

Cal. Const., art. I, § 32.

In the original complaint, plaintiff alleged that Proposition 57 did not permit the consideration of enhancements in determining whether a person has been convicted of a nonviolent felony. Plaintiff argued that defendants enacted regulations to implement Proposition

57 which wrongly permitted the consideration of enhancements in determining whether a person had been convicted of a nonviolent felony, in violation of his right to due process. The undersigned rejected this argument for the reasons stated herein.

Plaintiff alleged that he was convicted of violating California Penal Code § 245, i.e, assault with a deadly weapon, which is a nonviolent offense under Proposition 57. Attached to plaintiff's original complaint were exhibits indicating that plaintiff had two enhancements for violating California Penal Code sections 12022.5(a) (use of a firearm) and 12022.7(a) (personal infliction of great bodily injury). (ECF No. 1 at 13.)

For purposes of Proposition 57, violent felonies are defined in California Penal Code § 667.5(c). See People v. Harris, 2017 WL 423084 at *2 (Cal. App. 2017). Plaintiff is correct that a conviction for assault with a deadly weapon in violation of California Penal Section 245 is not listed as a violent felony in § 667.5(c). However, § 667.5(c)(8) classifies as a violent felony, "any felony in which the defendant inflicts great bodily injury on any person other than an accomplice which has been charged and proved as provided in Section 12202.7…" Thus, plaintiff's conviction for violating § 12022.7 rendered him ineligible for parole consideration under Proposition 57.

In the original complaint, plaintiff argued that Proposition 57 only allowed consideration of whether a person's "primary offense" is a violent felony, and prohibited consideration of enhancements in determining whether an offense was violent. The undersigned rejected that argument for the reasons stated herein.

Section 32(a)(1), quoted above, states that a person convicted of a *nonviolent felony* is eligible for parole consideration after completing the *full term for their primary offense*. Section 32(a)(2) states that the *full term of the primary offense* means the longest term of imprisonment imposed by the court for any offense, excluding the imposition of an enhancement, consecutive sentence or alternative sentence. Thus, consideration of enhancements is not permitted when determining the *full term of a primary offense*. Section 32 does not state that enhancements may not be considered when determining whether a felony is violent or nonviolent.

////

In the amended complaint, plaintiff appears to argue that inmates convicted of assault with a deadly weapon are receiving parole consideration under Proposition 57. Based on this alleged circumstance, plaintiff argues that his failure to receive parole consideration under Proposition 57 violates his right to Equal Protection. The undersigned observes that a state law issue cannot be transformed into a federal question simply by alleging the denial of a federal right. See Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1997). Assuming plaintiff has raised more than a state law claim, for the reasons stated herein, the undersigned finds that his Equal Protection claim is without merit.

If plaintiff is claiming that inmates convicted of assault with a deadly weapon with enhancements for infliction of great bodily injury are receiving parole consideration hearings under Proposition 57, he has cited no specific cases to support this claim. These vague and conclusory allegations do not state a potentially colorable Equal Protection claim. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (finding that a complaint does not "suffice if it tenders naked assertions devoid of further factual enhancement").

It is clear that plaintiff cannot cure the pleading defects discussed above with respect to his Equal Protection claim based on an alleged violation of Proposition 57. Accordingly, the undersigned recommends that this action be dismissed.

Accordingly, IT IS HEREBY ORDERED that a district judge be assigned to this action; and

IT IS HEREBY RECOMMENDED that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that

////
////
////

failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 21, 2018

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Mc1944.dis