| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | UNITED STATES DISTRICT COURT |
| 9 | FOR THE EASTERN DISTRICT OF CALIFORNIA |
| 10 | |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY McCRARY,

Plaintiff,

v.

SCOTT KERNAN, et al.,

Defendants.

No. 2:17-cv-1944 KJM KJN P

ORDER

Plaintiff is a state prisoner, proceeding pro se, in an action brought under 42 U.S.C. § 1983. On February 21, 2018, the undersigned recommended that this action be dismissed. (ECF No. 15.)

On March 2, 2018, plaintiff filed a pleading titled "objections to the findings and recommendations." (ECF No. 16.) In these objections, plaintiff states that he cannot access the law library because the prison is on lockdown. (Id.) Plaintiff states that due to the lockdown, he cannot meet the 14 day deadline to file objections. (Id.) On March 5, 2018, plaintiff filed a letter with the court stating that the prison is on lockdown. (ECF No. 17.) Plaintiff states that he cannot access the law library. (Id.)

Good cause appearing, plaintiff is granted thirty days from the date of this order to file objections to the February 21, 2018 findings and recommendations.

////

1

On March 8, 2018, plaintiff also filed a motion for appointment of counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff is granted thirty days from the date of this order to file objections to the February 21, 2018 findings and recommendations; and

2. Plaintiff's motion for the appointment of counsel (ECF No. 20) is denied without prejudice.

Dated: March 22, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

mcca1944.31

2